**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**SHEEHAN & NUGENT, P.L.L.C.,**

     **Appellant,**

**v.**                      **//**    **CIVIL ACTION NO. 1:13CV194**
                                          **BK. NO. 1:12BK9**
                                          **(Judge Keeley)**

**UNITED STATES TRUSTEE,**
**JOHN CHARLES SCOTCHEL, JR.,**
**and HELEN HOLLAND SCOTCHEL,**

     **Appellees.**


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING ORDER OF THE BANKRUPTCY COURT**

The appellant, Sheehan & Nugent, P.L.L.C. ("Sheehan & Nugent"), appeals from an order of the United States Bankruptcy Court for the Northern District of West Virginia (the "Bankruptcy Court") denying the firm's application for nunc pro tunc employment. (Dkt. No. 1-13). For the reasons that follow, the Court **AFFIRMS** the order of the Bankruptcy Court.

**I.**

On January 5, 2012, John and Helen Scotchel (the "Scotchels") filed for Chapter 7 bankruptcy protection, pursuant to 11 U.S.C. §§ 701-784. On January 5, 2012, Martin P. Sheehan ("Sheehan") was appointed as the chapter 7 trustee (the "Trustee") for the Scotchels' bankruptcy estate. From February 2012 through June 2013, Sheehan, through his law firm Sheehan & Nugent, performed

legal work for the Trustee, such as filing objections to the Scotchels' exemptions and filing complaints on behalf of the Trustee. Sheehan admits that such work exceeded the scope of his duties as the Trustee. (Dkt. No. 3)(conceding that Sheehan & Nugent assisted Sheehan "by performing legal work outside the duties that are part of his ordinary duties as a trustee").

Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a), the Trustee was required to obtain the approval of the Bankruptcy Court in order to employ counsel. The Trustee, however, failed to comply with this requirement before Sheehan & Nugent performed legal services on its behalf. In June 2013, after recognizing its error, the Trustee filed an application to employ Sheehan & Nugent nunc pro tunc, as well as a motion for approval to compensate the firm in the amount of $9717.50 for its work over the course of seventeen months. The United States Trustee and the debtors objected to the untimely application and motion for approval of fees and expenses.[1]

On July 18, 2013, the Bankruptcy Court held a hearing on the Trustee's application and motion, during which Sheehan explained

---

[1] Sheehan & Nugent argues that the Scotchels lack standing to object because they lack a pecuniary interest in the result. However, the United States Trustee does have standing to object under 11 U.S.C. § 307. Therefore, whether or not the Scotchels have standing to object is irrelevant to the outcome of this appeal.

that his firm's filing of the objections to the debtors' exemptions "turned into a more prolonged exercise" than he had originally anticipated.  (Dkt. No. 1-12 at 3).  As a result, "one thing led to another" and Sheehan "didn't realize [he] had failed to hire [Sheehan & Nugent]" until later on in the case.  Id.

In an order entered on July 24, 2013, the Bankruptcy Court granted the application for employment of Sheehan & Nugent from the date it was filed, but denied it retroactively, and also denied the motion for fees and expenses.  (Dkt. No. 1-13).  In denying the nunc pro tunc application, the Bankruptcy Court applied the extraordinary circumstances test it had previously adopted in In re Augusta Apartments, LLC, No. 10-303, 2013 WL 3358002 (Bankr. N.D.W. Va. July 3, 2013), and  reasoned that the Trustee's delay in seeking court approval for the application did not stem from extraordinary circumstances.  It acknowledged Sheehan's candor regarding the circumstances, but orally explained that "courts have consistently denied retroactive employment applications where the basis for it . . . is simple oversight or neglect." (Dkt. No. 1-12 at 6).

On August 27, 2013, Sheehan & Nugent appealed this order, arguing that the Bankruptcy Court had abused its discretion. Specifically, Sheehan & Nugent contends that the "extraordinary

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING THE ORDER OF THE BANKRUPTCY COURT**

circumstances" test, as applied by the Bankruptcy Court, gives way to the more proper "excusable neglect" test.  According to Sheehan & Nugent, this Court should vacate the Bankruptcy Court's order and remand the case with directions to apply the excusable neglect test.

## II.

Pursuant to Fed. R. Bankr. P. 8013, this Court functions as an appellate court whenever it reviews a bankruptcy court's order.  It may affirm, modify, reverse, or remand with instructions for further proceedings.  While the bankruptcy court's conclusions of law are reviewed <u>de novo</u>, its findings of fact are reversed only for clear error.[2]  <u>In re Deutchman</u>, 192 F. 3d 457, 459 (4th Cir. 1999).

## III.

This case presents the Court with the option to adopt one of two tests to be applied when granting or denying a trustee's <u>nunc pro tunc</u> application for employment under 11 U.S.C. § 327.  Under the more demanding extraordinary circumstances test, a trustee must

---

[2] There is some dispute between the parties as to whether the issue in this case, i.e., the proper legal test to be applied, requires this Court to review the Bankruptcy Court's decision under a <u>de novo</u> or an abuse of discretion standard of review.  Although this Court will review the issue <u>de novo</u>, the standard does not affect the outcome.

demonstrate, and the court must decide, "whether the particular circumstances attendant to the application are sufficiently extraordinary to warrant after-the-fact approval." In re Jarvis, 53 F.3d 416, 420 (1st Cir. 1995). The more lenient excusable neglect test requires a trustee to establish that "the trustee and counsel have taken the appropriate precautions, and something nonetheless [went] awry . . . ." In re Singson, 41 F.3d 316, 319 (7th Cir. 1994). Rather than adopting one test over the other, the Court finds that, under either test, Sheehan's nunc pro tunc application should be denied.

## A.     11 U.S.C. § 327

Under 11 U.S.C. § 327(a), a trustee may employ an attorney by filing an application consistent with the requirements of Fed. R. Bankr. P. 2014(a) and obtaining court approval. See, e.g., In re Shirley, 134 B.R. 940, 943 (B.A.P. 9th Cir. 1992). Moreover, failure to obtain approval prior to performing legal services may lead to the denial of untimely fee requests. See Lamie v. United States Trustee, 540 U.S. 526, 529 (2004). That said, bankruptcy courts may grant nunc pro tunc approval of an attorney's employment application in certain circumstances because retroactive employment applications are equitable in nature and "the court's ultimate

decision to grant or deny such application is necessarily discretionary." In re Jarvis, 53 F.3d 416, 421 (1st Cir. 1995).

Although the Fourth Circuit has yet to address the applicable standard for determining when nun pro tunc employment is permissible, the majority of circuit courts that have addressed the issue have found that such employment is warranted only where (1) the court would have authorized employment had the application been timely submitted, and (2) the delay in seeking court approval resulted from extraordinary circumstances. See In re Keren Ltd. P'ship, 189 F.3d 86, 87 (2d Cir. 1999); In re Jarvis, 53 F.3d 416, 421 (1st Cir. 1995); In re Land, 943 F.2d 1265, 1267 (10th Cir. 1991); In re Arkansas, 798 F.2d 645, 649-60 (3rd Cir. 1986). In point of fact, only one circuit has adopted the excusable neglect standard. See also In re Singson, 41 F.3d 316 (7th Cir. 1994) ("[W]hen the trustee establishes "excusable neglect," the court may give retroactive authorization under § 327(a) and Rule 2014(a) for the provision of professional services.").

B.   The Extraordinary Circumstances Test

The Third Circuit has identified several factors to be considered when deciding whether to grant retroactive approval of applications under the extraordinary circumstances standard. In re

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING THE ORDER OF THE BANKRUPTCY COURT**

<u>Arkansas</u>, 798 F.2d 645, 650 (3d Cir. 1986). These factors include: 1) whether the applicant or some other person bore responsibility for applying for approval; 2) whether the applicant was under time pressure to begin service without approval; 3) the amount of delay after the applicant learned that initial approval had not been granted; 4) the extent to which compensation to the applicant will prejudice innocent third parties; and 5) other relevant factors.

Most courts that have addressed the issue have held that ignorance, negligence, and oversight do not constitute extraordinary circumstances. <u>See</u> 2 Collier on Bankruptcy ¶ 327.03[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013)("The majority of courts hold that simple neglect or inadvertence on the part of the applicant in failing to file a timely retention application under section 327 is not a sufficient basis for granting retroactive approval of employment."). If bankruptcy courts were routinely to allow <u>nunc pro tunc</u> employment in such cases, the requirement that attorneys seek prior approval before performing services on behalf of the bankruptcy estate would have no effect.

Here, Sheehan, as the Trustee, bore the responsibility of applying for employment approval under 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014. He indicated that he has failed to do so because he

was under some time pressure to begin service based on the need for filing objections to the Scotchels' exemptions at the onset of the case, (dkt. No. 3 at 6), and inexplicably waited over seventeen months before filing his application.

After hearing the parties' arguments, the Bankruptcy Court concluded that Sheehan had not met his burden under the extraordinary circumstances test. It acknowledged the array of factors on which a <u>nunc pro tunc</u> applicant may rely to demonstrate extraordinary circumstances, but determined Sheehan's simple oversight or neglect did not warrant retroactive approval of his application.

The Court agrees. Sheehan's only explanation for failing to file a timely application is oversight, an excuse that does not rise to the level of extraordinary circumstances. "In explaining this oversight," Sheehan stated that "there was a short deadline to file an objection to [the Scotchels'] exemptions and that he originally believed that the objection would be 'pro forma.'" (Dkt. No. 3 at 6)("Mr. Sheehan got swept up by the unexpected turn in litigation and did not contemporaneously realize that the [application] had not been filed or approved . . . .").

## B.    The Excusable Neglect Test

Even under the excusable neglect test, Sheehan's <u>nunc pro tunc</u> application was properly denied.  In the single circuit court decision adopting the excusable neglect standard, the Seventh Circuit clearly explained that <u>excusable</u> neglect requires something more than <u>simple</u> neglect.  <u>In re Singson</u>, 41 F.3d at 319. Importantly, <u>Singson</u> affirmed the district court's denial of <u>nunc pro tunc</u> authorization even though that court had applied the extraordinary circumstances test.  <u>Id.</u> at 320.

In <u>In re Aultman Enterprises</u>, 264 B.R. 485, 488 (E.D. Tenn. 2001), the district court adopted the extraordinary circumstances test.  In dicta, however, it explained that, even under the excusable neglect test, the appellant's simple oversight was an insufficient basis for <u>nunc pro tunc</u> approval of the application. <u>Id.</u> 264 B.R. at 488. Similarly, in this case, Sheehan offers no excuse other than "oversight."  (Dkt. No. 3 at 6).  Thus, as the Bankruptcy Court noted, <u>nunc pro tunc</u> approval of Sheehan's application is unwarranted even under the excusable neglect test. (Dkt. No. 1-12 at 6).

### IV. CONCLUSION

Application of either standard yields the same result; the Bankruptcy Court correctly denied the Trustee's retroactive employment application. The Court therefore **AFFIRMS** the Bankruptcy Court's order.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record, and to remove this case from the Court's active docket.

DATED: August 11, 2014.

/s/ Irene M. Keeley

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE